## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOYCE ANN MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-198 |
| | ) | |
| BRUCE THOMPSON, | ) | |
| Commissioner, Georgia | ) | |
| Department of Labor, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Joyce Ann Mayfield has filed this action challenging a determination by the Georgia Department of Labor that she was ineligible for unemployment benefits. *See* doc. 1 at 6-7. She moves to proceed *in forma pauperis*. Doc. 2. Her original Motion was unsigned, *see* doc. 4, but she has corrected the defect, doc. 6. Because it appears that she lacks sufficient funds to pay the required filing fee, her Motion is **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen her Complaint. *See* 28 U.S.C. § 1915(e)(2).

Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal

Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Mayfield alleges that the Georgia Department of Labor determined that she was ineligible for unemployment benefits in September 2023.  Doc. 1 at 6.  Although the exact procedure that led to that conclusion is not entirely clear, it appears from her Complaint that the claim was denied based on her failure to respond to the Department's request for

additional information. *Id.* at 6-7. Although the Complaint references that the termination which led Mayfield to seek unemployment benefits may have been related to a dispute over absences perhaps excused by the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611, *et seq.*, doc. 1 at 6, she does not identify any statutory basis for this Court's jurisdiction, *id.* at 3.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). This Court has an "independent obligation to ensure that jurisdiction exists." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (11th Cir. 2000). Plaintiff bears the burden of pleading the grounds on which the Court might assert jurisdiction over the asserted claims. Fed. R. Civ. P. 8(a)(1); *see also, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("The party commencing suit in federal court . . . has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) ("The plaintiff[ ],

as the party asserting diversity jurisdiction, [has] the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))).

The Court's jurisdiction can be established either because the complaint presents a federal question, 28 U.S.C. § 1331, or by the diversity of the parties, 28 U.S.C. § 1332. There is no plausible basis for this Court's diversity jurisdiction. Plaintiff, a Georgia citizen, *see* doc. 1 at 1, has sued the Commissioner of the Georgia Department of Labor, *id.* at 2. Federal question jurisdiction exists if a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When examining assertions of federal question jurisdiction, the Court must rely upon the well-pleaded complaint. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). As this Court has explained, the "mere mention of certain federal statutes [does] not establish subject matter jurisdiction." *McLemore v. Henry*, 2020 WL 1848053, at *1 (S.D. Ga. Apr. 13, 2020) (citations omitted). Plaintiff's dispute over the validity of the Department's determination of her entitlement to state unemployment benefits does not plausibly implicate

any federal constitutional or statutory claim. *See, e.g.,* doc. 1 at 3; *Reid v. Georgia Dept. of Labor Career Ctr.*, 2017 WL 1949222, at *2 (M.D. Ga. May 10, 2017) (citing, *inter alia.*, *Thornton v. Albany Drivers License*, 2012 WL 3191769, at *2 (M.D. Ga. Aug. 2, 2012)) (denial of state unemployment benefits does not raise a federal question sufficient to establish subject matter jurisdiction).

Moreover, even if there were some plausible basis for this Court's subject matter jurisdiction, a suit against the Commissioner in his official capacity[1] would be barred by the Eleventh Amendment. The Eleventh Amendment precludes suits against "arms of the state" in federal court, unless the immunity is abrogated by Congress or waived by the state being sued. *See, e.g., Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Determination of whether a particular agency is an "arm of the state," entitled to Eleventh Amendment immunity, requires application of a four-factor test. *See id.* at 1309. Courts have recognized that the

---

[1] "[O]fficial-capacity claims against an officer are simply another way of pleading an action against an entity of which an officer is an agent." *Gurrera v. Palm Beach Cnty. Sheriff's Office*, 657 F. App'x 886, 892 (11th Cir. 2016) (internal citation and quotations omitted). Since the Complaint does not contain any substantive allegations implicating Commissioner Thompson, the only plausible construction is that whatever claim it intends to assert arising out of the Department's denial of unemployment benefits is asserted against the Commissioner in his official capacity.

Georgia Department of Labor is an "arm of the state" for Eleventh Amendment purposes. *See Bailey v. Georgia Dept. of Labor*, 2016 WL 1166336, at *2 (N.D. Ga. Feb. 18, 2016). Thus, even if Mayfield could address her failure to plead a basis for this Court's jurisdiction—and, to be clear, there is no indication in the Complaint that she could—any claim against the Commissioner in his official capacity would be barred by the Eleventh Amendment.

Since Mayfield has failed to plead any basis for this Court's subject matter jurisdiction, her Complaint should be **DISMISSED**. *See, e.g.,* Fed. R. Civ. P. 12(h). Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, for the reasons explained above, Mayfield's claims do not appear amendable.[2] *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district

---

[2] Although the Court discerns no viable basis for amendment, Mayfield remains free to submit an amended complaint within the fourteen-day objections period, discussed below. Mayfield is advised that, if she submits an Amended Complaint, it will supersede her original pleading and, therefore, must be complete in itself. *See, e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).

court need not allow amendment if the amended complaint would still be subject to dismissal.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this

<u>17th</u> day of September, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA